IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

UNITED STATES OF AMERICA     :

v.                           :     No. 24-1938

ROBERT HUNTER BIDEN          :

GOVERNMENT'S COMBINED MOTION TO DISMISS
APPEAL AND RESPONSE TO ORDER REQUESTING
POSITION ON THE FINALITY OF THE DISTRICT
COURT'S ORDER

The United States of America, by its attorneys, David C. Weiss, Special Counsel, Derek E. Hines, Senior Assistant Special Counsel, and Leo J. Wise, Principal Senior Assistant Special Counsel, submits this combined motion to dismiss this appeal and response to the Court's order directing the parties to address the finality of the district court's judgment, *see* Order, No. 24-1938, Dkt. 4 (May 20, 2024).

For the second time, Defendant-Appellant Robert Hunter Biden seeks this Court's interlocutory review of an order denying defendant's motion to dismiss the indictment. His first appeal, *see United States v. Biden*, No. 24-1703, sought review of the district court's orders denying

1

his motions to dismiss the indictment on the theories that (1) he was immune from prosecution based on a diversion agreement; (2) the U.S. Attorney's appointment as special counsel, along with the Special Counsel's use of appropriations, was unlawful, and (3) the indictment violated the separation of powers; This Court dismissed that appeal for lack of jurisdiction. As the Court explained, defendant had failed to "show[] the District Court's orders [were] appealable before final judgment." *See* Order, No. 24-1703, Dkt. 111 (May 9, 2024).

The instant appeal, which challenges the district court's denial of his motion to dismiss the indictment on Second Amendment grounds, warrants the same treatment. Upon receipt of defendant's Notice of Appeal on May 20, 2024, this Court immediately issued an order directing the parties to address the threshold jurisdictional question, because the "order on appeal may not be final and may not be otherwise appealable at this time." *United States v. Biden*, Case No. 24-1938, Docket Entry #4 (3rd Cir. May 20, 2024) (citing *Flanagan v. United States*, 465 U.S. 259, 263 (1984)). As with his first appeal, defendant cannot show that the district court's order is final or otherwise

appealable. Accordingly, the appeal should be dismissed for want of jurisdiction.[1]

## ARGUMENT

**A. The Appeal Should Be Dismissed Because The Order Denying Dismissal Of The Indictment Is Neither A Final Order Nor Immediately Appealable Under The Collateral Order Doctrine.**

1. Before this Court can adjudicate the merits of a dispute, it must have jurisdiction. *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94-95 (1998). The burden of establishing jurisdiction lies with "the party asserting [it]"—here, the defendant. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

"Generally, [this Court's] jurisdiction is limited to final judgments." *United States v. Soriano Nunez,* 928 F.3d 240, 243 (3d Cir. 2019); *see* 28 U.S.C. § 1291 (permitting appeals from a district court's "final decisions"). In a criminal case, that means the defendant's sentence: "[t]he sentence is the judgment." *Berman v. United States*, 302 U.S. 211, 212 (1937); *see also Parr v. United States*, 351 U.S. 513, 518 (1956). Thus,

---

[1] Counsel for appellant opposes this motion.

in criminal cases, 28 U.S.C. § 1291 ordinarily "prohibits appellate review until after conviction and imposition of sentence." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989).

The final judgment rule "is crucial to the efficient administration of justice." *Flanagan*, 465 U.S. at 264. It "helps preserve the respect due trial judges by minimizing appellate-court interference with the numerous decisions they must make in the pre-judgment stages of litigation." *Id.* at 263-64. And "[i]t reduces the ability of litigants to harass opponents and to clog the courts through a succession of costly and time-consuming appeals." *Id.* at 264. These reasons are "especially compelling in the administration of criminal justice," *Cobbledick v. United States*, 309 U.S. 323, 325 (1940), where "prompt conviction" is "as important" as "[p]rompt acquittal," *Flanagan*, 465 U.S. at 265.

Against this backdrop, the Supreme Court has recognized a narrow exception to the final judgment rule for certain collateral orders. *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949). To fall within the "small class" of decisions that constitute immediately appealable collateral orders, a decision must "(1) conclusively determine the

4

disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment." *Van Cauwenberghe v. Biard*, 486 U.S. 517, 522 (1988) (quotation omitted).

"Because of the compelling interest in prompt trials, the Court has interpreted the requirements of the collateral-order exception to the final judgment rule with the utmost strictness in criminal cases." *Flanagan*, 465 U.S. at 265. Indeed, in the 70-plus years since the Supreme Court first recognized the collateral order doctrine, the Court has recognized a right to immediate appeal from the denial of only two types of motions to dismiss: a motion to dismiss on double jeopardy grounds, *Abney v. United States*, 431 U.S. 651, 662 (1977), and a motion to dismiss under the Speech or Debate Clause, *Helstoski v. Meanor*, 442 U.S. 500, 506-07 (1979). Immediate appeal was available in those cases because the double-jeopardy and speech-or-debate claims involved "the right not to be tried."[2] *Midland Asphalt Corp.*, 489 U.S. at 800-01.

---

[2] The Supreme Court has also allowed immediate appeal from an order denying bond, *Stack v. Boyle*, 342 U.S. 1, 6-7 (1951), and an order permitting the forced administration of antipsychotic drugs to render a

5

The "right not to be tried" in this context requires "an explicit statutory or constitutional guarantee that trial will not occur." *Midland Asphalt Corp.*, 489 U.S. at 801. It is not the same as "a right whose remedy requires the dismissal of charges." *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 269 (1982) (per curiam). Unlike these rights, which can be vindicated post-trial, a "right not to be tried" is the sort of right that "must be upheld prior to trial if it is to be enjoyed at all." *Id.* at 270. There is no right not to be tried under an unconstitutional statute. The Supreme Court has, accordingly, held that immediate appeal is not available from orders denying motions to dismiss raising a variety of statutory and constitutional claims. *See Midland Asphalt Corp.*, 489 U.S. at 799-802 (motion to dismiss based on violation of grand jury secrecy); *Hollywood Motor Car Co.*, 458 U.S. at 270 (motion to dismiss based on alleged prosecutorial vindictiveness); *United States v. MacDonald*, 435 U.S. 850, 863 (1978) (motion to dismiss based on Sixth

---

defendant competent for trial, *Sell v. United States*, 539 U.S. 166, 175-77 (2003). Like *Abney* and *Helstoski*, those cases involved "an asserted right the legal and practical value of which would be destroyed if it were not vindicated before trial." *United States v. MacDonald*, 435 U.S. 850, 860 (1978).

Amendment speedy trial right); *see also, e.g.*, *United States v. Levine*, 658 F.2d 113, 129 (3d Cir. 1981) (statute of limitations); *United States v. Barrow*, 2 F. App'x. 313, 314 (4th Cir. 2001) ("The order denying Barrow's motion to dismiss the indictment on the ground that the statute Barrow was charged with violating was unconstitutional is neither a final order nor an appealable interlocutory or collateral order.").

2. With these principles in mind, the district court's denial of defendant's motion to dismiss the indictment on Second Amendment grounds is not an appealable order.

To begin, "an order denying dismissal is not a final judgment of the district court," so this Court does not have jurisdiction under 28 U.S.C. § 1291. *United States v. Soriano Nunez,* 928 F.3d 240, 243 (3d Cir. 2019) (quotation omitted).

Nor does the district court's order fall within the collateral order doctrine. The district court's order does not involve an explicit statutory or constitutional right not to be tried. Moreover, even assuming that the constitutionality of 18 U.S.C. § 922(g)(3) is an issue "completely separate from the merits of the" criminal case against defendant, and the district

7

court's ruling on that constitutional question is not "effectively unreviewable on appeal from a final judgment," *Van Cauwenberghe*, 486 U.S. at 522. To the contrary, criminal defendants regularly raise claims after final judgment that the charges against them were unconstitutional or otherwise legally invalid, including in prosecutions involving § 922(g)(3). *See, e.g.*, *United States v. Harris*, No. 21-3031 (3d Cir.) (pending Second Amendment challenge to § 922(g)(3)); *United States v. Daniels*, 77 F.4th 337 (5th Cir. 2023) (same), *pet. for cert. filed*, No. 23-376 (Oct. 10, 2023); *United States v. Seay*, 620 F.3d 919, 923 (8th Cir. 2010) (same). As in these cases, defendant can easily challenge the constitutionality of § 922(g)(3) on direct appeal if he is convicted. Accordingly, even if he could satisfy the first two *Cohen* criteria, he cannot meet the third, and the collateral-order doctrine does not confer jurisdiction over defendant's interlocutory appeal.

**B. This Court Lacks Any Other Basis For Exercising Jurisdiction Over Defendant's Claim.**

In the absence of a final judgment or an appealable collateral order, defendant would need to invoke an alternate basis for this Court's jurisdiction. But no such alternative exists.

1. The district court's order denying defendant's motion to dismiss does not amount to the denial of injunctive relief under 28 U.S.C. § 1292(a), considering that defendant never sought an injunction in connection with his motion to dismiss the indictment on Second Amendment grounds. Even if he had, defendant could not make the required showing that an order denying any such hypothetical injunction (1) would have a serious, irreparable consequence and (2) could only be effectually challenged by immediate appeal. *Gardner v. Westinghouse Broad. Co.*, 437 U.S. 478, 480-81 (1978). Among other things, having to face prosecution does not amount to irreparable harm. *Cobbledick*, 309 U.S. at 325-26. His constitutional challenge can also be reviewed and, if meritorious, remedied on direct appeal by reversal of his conviction. *See Deaver v. Seymour*, 822 F.2d 66, 71 (D.C. Cir. 1987).

2. The only other procedural vehicle that could, theoretically, provide defendant with an avenue to challenge the district court's denial of his motion to dismiss the indictment is a writ of mandamus. *See* 28 U.S.C. § 1651. But defendant has not filed a petition seeking mandamus relief in this Court. And there is no "compelling reason" why the Court

should exercise its discretion to construe his notice of appeal as a petition for such a writ either. *WS Intern., LLC v. M. Simon Zook, Co.*, 566 F. App'x 192, 195 (3d Cir. 2014); *Nascone v. Spudnuts, Inc.*, 735 F.2d 763, 773 (3d Cir. 1984) (construing notice of appeal as petition for writ of mandamus only after considering "the extent of the hardship" on the plaintiff).

The only hardship defendant faces as a result of the district court's adverse ruling is being required to stand trial for the criminal charges brought against him. But standing trial is not a hardship that renders the district court's order immediately reviewable. On the contrary, "bearing the discomfiture and cost of a prosecution for crime even by an innocent person is one of the painful obligations of citizenship." *Cobbledick*, 309 U.S. at 325. Accordingly, as the Supreme Court has repeatedly emphasized, "[t]he correctness of a trial court's rejection even of a constitutional claim made by the accused in the process of prosecution must await his conviction before its reconsideration by an appellate tribunal." *E.g.*, *id.* at 325-26.

In any event, mandamus cannot be used as a substitute for appeal. *Will v. United States*, 389 U.S. 90, 96-97 (1967). The remedy provided for in 28 U.S.C. § 1651 is "a drastic one, to be invoked only in extraordinary situations" where no other adequate means of relief exists. *United States v. Santtini*, 963 F.2d 585, 593 (3d Cir. 1992); *see also In re United States*, 273 F.3d 380, 385 (3d Cir. 2001) (noting that in the criminal context, mandamus is both "extraordinary" and "exceptional").

Defendant's case does not present an extraordinary situation warranting mandamus: he cannot show that the district court committed a clear error of law, where the constitutionality of § 922(g)(3) is an open question in this circuit; that adequate alternative remedies (like a post-trial appeal) are not available; or that he will otherwise suffer irreparable injury. *See United States v. Wexler*, 31 F.3d 117, 128 (3d Cir. 1994); *see also Kerr v. United States Dist. Court for Northern Dist. of Cal.*, 426 U.S. 394, 403 (1976) (setting forth the factors for mandamus relief). Indeed, this Court has already determined that defendant failed to make the requisite showing to obtain mandamus relief on one of his previous claims. *See* Order, *United States v. Biden*, No. 24-1703 (denying

mandamus relief on the immunity claim because defendant failed to make the requisite showing).

Even if he could satisfy the requirements for mandamus relief with respect to the instant challenge, this Court can (and should) exercise its discretion to deny such relief. *See Cheney v. United States Dist. Court*, 542 U.S. 367, 381 (2004); *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26 (1943).

## CONCLUSION

Given the absence of jurisdiction in this Court, the criminal prosecution should proceed in the district court, as a plainly improper notice of appeal does not divest the district court of jurisdiction. *Venen v. Sweet*, 758 F.2d 117, 121 & n.3 (3d Cir. 1985) ("the jurisdiction of the lower court to proceed in a cause is not lost by the taking of an appeal from an order or judgment which is not appealable") (quoting *Plant Economy, Inc. v. Mirror Insulation Co.*, 308 F.2d 275, 277 n.7 (3d Cir. 1962), and citing numerous cases). The government respectfully requests that this Court dismiss this appeal immediately.

Respectfully submitted,

DAVID C. WEISS
SPECIAL COUNSEL

By: _____
Derek E. Hines
Senior Assistant Special Counsel

Leo J. Wise
Principal Senior Assistant Special Counsel

U.S. Department of Justice

## CERTIFICATE OF COMPLIANCE

I, Derek E. Hines, hereby certify that this response to the Court's order contains 2247 words and has been prepared in a proportionally spaced typeface using Microsoft Word in Century Schoolbook 14-point font.

>/s Derek E. Hines>
> DEREK E. HINES
> Senior Assistant Special Counsel

DATED: May 22, 2024.

## CERTIFICATE OF SERVICE

I hereby certify that this pleading has been served on the Filing User identified below through the Electronic Case Filing (ECF) system:

>Bartholomew J. Dalton, Esq.
>Email: bdalton@bdaltonlaw.com
>Dalton & Associates
>1106 W 10th Street
>Cool Spring Meeting House
>Wilmington, DE 19806
>
>Abbe D. Lowell, Esq.
>Email: adlowell@winston.com
>Winston & Strawn
>1901 L Street NW
>Washington, DC 20036
>
>Christopher D. Man, Esq.
>Email: cman@winston.com
>Winston & Strawn
>1901 L Street NW
>Washington, DC 20036

>*/s Derek E. Hines*
>DEREK E. HINES
>Senior Assistant Special Counsel

DATED: May 22, 2024.