UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

ECO-027-E

No. 24-1938

UNITED STATES OF AMERICA

v.

ROBERT HUNTER BIDEN,
Appellant

(D. Del. No. 1-23-cr-00061-001)

Present:  HARDIMAN, KRAUSE, and FREEMAN, Circuit Judges

1. Clerk's Submission for Possible Dismissal Due to Jurisdictional Defect;

2. Appellee's Motion to Dismiss Appeal and Response to Clerk's Order Regarding Jurisdiction;

3. Appellant's Response to Clerk's Order Regarding Jurisdiction and to Appellee's Motion.

4. Appellee's Reply to Appellant's Response

Respectfully,
Clerk/lmr

_____ORDER_____
PER CURIAM

The defendant appealed a pretrial order entered on May 9, 2024, denying his motion to dismiss the indictment, which had argued the charges violated the Second Amendment.

This appeal is DISMISSED. Criminal defendants ordinarily cannot appeal until after final judgment. See Flanagan v. United States, 465 U.S. 259, 263 (1984). The District Court's order does not qualify as an immediately appealable collateral order. The collateral-order doctrine is a "narrow exception" to the final-judgment rule and "interpreted [. . .] with the utmost strictness in criminal cases." See Midland Asphalt Corp. v. United States, 489 U.S. 794, 798–99 (1989).

Orders that decline to dismiss charges are generally not collateral orders, see, e.g., United States v. Soriano Nunez, 928 F.3d 240, 243 (3d Cir. 2019), unless the defendant asserts a "right not to be tried," see, e.g., Midland Asphalt Corp., 489 U.S. at 800–02. Rights not to be tried must stem from a "statutory or constitutional guarantee that trial will not occur," such as the Double Jeopardy Clause, and very few rights have been recognized as such. See id. at 801–02; Flanagan, 465 U.S. at 266–67 ("[V]irtually all rights of criminal defendants [. . . are] merely a right not to be convicted in certain circumstances.").

The defendant's Second Amendment defense does not implicate a right not to be tried that can be collaterally appealed. See United States v. Hollywood Motor Car Co., 458 U.S. 263, 268 n.2, 270 (1982) (suggesting "questions as to the constitutionality of the statutes authorizing the prosecution" do not create collateral orders); United States v. Tucker, 745 F.3d 1054, 1062–66 (10th Cir. 2014) ("[V]ery few motions to dismiss an indictment—even if founded on a valid constitutional right—will give rise to interlocutory appellate jurisdiction."). Constitutional defenses, like the defendant's Second Amendment defense, can be effectively reviewed on appeal after final judgment. See, e.g., United States v. Joseph, 26 F.4th 528, 534–35 (1st Cir. 2022); United States v. Quaintance, 523 F.3d 1144, 1145–47 (10th Cir. 2008); United States v. Wampler, 624 F.3d 1330, 1335–40 (10th Cir. 2010); United States v. Hsia, 176 F.3d 517, 526 (D.C. Cir. 1999); cf. McCarthy v. Hawkins, 381 F.3d 407, 416 (5th Cir. 2004) ("[T]he constitutionality of [statutes conferring civil claims] can be reviewed effectively on appeal from a final judgment."); e.g., United States v. Veasley, 98 F.4th 906 (8th Cir. 2024); United States v. Daniels, 77 F.4th 337 (5th Cir. 2023); United States v. Seay, 620 F.3d 919 (8th Cir. 2010); United States v. Yancey, 621 F.3d 681 (7th Cir. 2010).

The defendant's interlocutory appeal is therefore DISMISSED for lack of appellate jurisdiction.

Dated: May 28, 2024

A True Copy:

Patricia S. Dodszuweit, Clerk
Certified Order Issued in Lieu of Mandate